# DISTRICT COURT OF THE UNITED STATES OF AMERICA
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Olivia L. Bays<br>　　*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§<br>§ | **CIVIL ACTION NO.**<br>　**5:23-cv-01519-FB-RBF** |
| Sheriff Arnold Zwicke<br>Guadalupe County Sheriff, Texas<br>　　*Defendants* | §<br>§<br>§<br>§ | |

## DEFENDANT ARNOLD ZWICKE'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Guadalupe County Sheriff Arnold Zwicke files this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A.　　INTRODUCTION

Plaintiff alleges that she was arrested by a City of New Braunfels police officer on November 10, 2021. Dkt. 1. Plaintiff claims that the City of New Braunfels Police Department "targeted the plaintiff specifically and made the false claim that they had a valid reason to stop her vehicle." *Id*. Plaintiff was transported to the Guadalupe County Adult Detention Center. Plaintiff alleges that she was detained in the Guadalupe County Adult Detention Center between November 10, 2021 and December 5, 2021.

Plaintiff has alleged two causes of action: (1) an alleged violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act and (2) an alleged violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 for failure to train or supervise.

Sheriff Zwicke asserts that Plaintiff did not state a claim upon which relief can be granted and therefore; this Court should dismiss Plaintiff's suit.

**B.      MOTION TO DISMISS 12(b)(6)**

**<u>Statute of Limitations</u>**

A statute of limitations supports dismissal under Federal Rule of Civil Procedure 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). Here, Plaintiff's claims are subject to dismissal as the statute of limitations has passed. As stated above, Plaintiff alleges: (1) an alleged violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act and (2) an alleged violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 for failure to train or supervise.

A claim for personal injury under 42 U.S.C. § 1983 is subject to the applicable state law statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594 (1989). 42 U.S.C. § 1983 provides a federal cause of action, but federal courts look to state's statute of limitations for personal-injury torts to decide when § 1983 claims toll. *Id.* Further, neither Title II (ADA) nor the Rehabilitation Act provides a limitations period. "When Congress does not establish a limitations period for a federal cause of action, the "general rule" is that we borrow the most analogous period from state law." *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). The Fifth Circuit has repeatedly recognized that Texas's personal-injury limitations period applies to Rehabilitation Act claims. *Id.* Plaintiff cannot dispute that Texas's two-year personal-injury limitations period applies to this case. Therefore, the statute of limitations for Plaintiff's claims under the ADA and/or Rehabilitation Act and pursuant to 42 U.S.C. 1983, Fourteenth Amendment, is two (2) years. Tex. Civ. Prac. Rem. Code § 16.003.

Here, based on Plaintiff's factual allegations, Plaintiff had two years to file suit from the date her claim accrued. As demonstrated in the Complaint, Plaintiff alleges that she detained in the Guadalupe County Adult Detention Center between November 10, 2021 and December 5, 2021. Dkt. No. 1. She has failed to plead any specific allegations concerning her causes of action that occurred during the two-year statute of limitations. *Id*. Plaintiff filed this lawsuit on December 11, 2023. Dkt. No. 1.

For these reasons, Plaintiff's claims against Sheriff Zwicke must be dismissed.

## Failure to State a Claim

The federal pleading standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the petition must include sufficient information, accepted as true, to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678–79; *see also Twombly*, 550 U.S. 544, 555. This plausibility standard asks for more than a sheer possibility that a defendant acted unlawfully. *See* Iqbal, 556 U.S. at 678–79; *see also Atkins v. City of Chicago*, 631 F.3d 823, 831–32 (7th Cir. 2011). "The fact that the allegations undergirding a [plaintiff's] claim could be true is no longer enough to save it. [T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote." *See Atkins*, 631 F.3d at 831–32.

To survive a motion to dismiss, the complaint must present sufficient facts that would allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See* Iqbal, 556 U.S. at 678. While the court must take all allegations contained in the complaint as

true, mere conclusory statements will not suffice. *Id.* Further, the court is not required to accept as true any legal conclusions couched as factual allegations. *Id.*

**a.** **<u>Plaintiff's Claim of a Violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act</u>**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Public entities" are defined to include local governments. 42 U.S.C. § 12131(1)(A). To establish a valid claim under Title II of the ADA, a plaintiff must show that (1) she has a qualifying disability; (2) she was excluded from or denied meaningful access to services, programs, and activities, or he was discriminated against by the defendants; and (3) such discrimination is due to his disability. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (per curiam). A "disability" under the ADA is: (1) a physical or mental impairment that substantially limits one or more major life activities of such individual, (2) a record of such an impairment, or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). The ADA defines "discrimination" as the failure to provide a reasonable accommodation to the needs of the disabled person. *See Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 672 (5th Cir. 2004). In other words, by failing to accommodate the disabled person's disability, the defendant has effectively discriminated against the person. *See Lane*, 541 U.S. at 531. "The essence of an equal protection claim is that the plaintiff was treated differently than similarly situated persons." *Crull v. City of New Braunfels,* 267 Fed.Appx. 338, 341 (5th Cir.2008) (citing *Stoneburner v. Secretary of the Army,* 152 F.3d 485, 491 (5th Cir.1998)).

Plaintiff does not articulate a clear theory in her Complaint demonstrating how she was excluded from or denied meaningful access to services, programs, and activities due to her

disability or how Guadalupe County Sheriff Zwicke failed to accommodate her. Further, Plaintiff has not and cannot establish that Guadalupe County Sheriff Zwicke was aware of any disability that she may have had. Plaintiff's claims under the ADA and Rehabilitation Act should be dismissed

### b. Plaintiff's Claim of a Violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983 – Failure to Train or Supervise

The Fifth Circuit has held that if a law enforcement department meets the state standards for the training of its law enforcement officers, Plaintiff cannot sustain a failure to train cause of action under 42 U.S.C. § 1983. *See Gonzales v. Westbrook*, 118 F. Supp. 2d 728 (W.D. Tex. 2000); *Conner v. Travis County*, 209 F.3d 794, 798 (5th Cir. 2000); *Benavides*, 955 F.2d, 973, *cert. denied,* 506 U.S. 824, 113 S.Ct. 79, (1992); and *Huong v. City of Port Arthur*, 961 F. Supp. 1003, 1007 (E.D. Tex. 1997). Plaintiff must demonstrate "a pattern of tortious conduct by inadequately trained employees [showing] that the lack of proper training, rather than a one-time negligent administration of the program or facts peculiar to the officer involved in a particular incident, is the 'moving force' behind the plaintiff's injury." *See Bryan County*, 520 U.S. at 407-408.

In order to hold a municipality liable under § 1983 for failure to train or supervise, the plaintiff must show that (1) the municipality's training procedures or supervision were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the training policy or in supervising the subordinates, and (3) the inadequate training or supervision directly caused the plaintiff's injury. *Conner*, 209 F.3d, 796 (per curiam); *see also Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003).

Further, the Fifth Circuit has held that when officers have received training required by Texas law, Plaintiff must show that the legal minimum of training was inadequate. *Sanders-Burns*

*v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010). Plaintiff cannot offer any such evidence and fails to make a threshold showing that Guadalupe County Sheriff Zwicke 's training was inadequate. *See Burge*, 336 F.3d at 372 (holding that the plaintiff had offered insufficient evidence to establish deliberate indifference in a failure-to-train claim, in part because the plaintiff did not present evidence that the training received was inadequate or evidence of "any specific additional training" that the employees should have received).

For these reasons stated herein, Plaintiff has failed to state a constitutional claim for which the Court can grant relief.

**Guadalupe County Sheriff's Department**

If Plaintiff is attempting to invoke liability upon the Guadalupe County Sheriff's Department, Plaintiff has failed to state any claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and the Court's lacks jurisdiction over the "person" under Federal Rule of Civil Procedure 12(b)(2). Here, Plaintiff has not set forth the central element necessary to state a claim upon which relief can be granted. Specifically, Plaintiff cannot show any facts indicating that the Guadalupe County Sheriff's Department is a legal entity capable of being sued. It is well settled that a Plaintiff may not bring a claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2nd 311, 313 (5th Cir. 1991). Therefore, Plaintiff's claims against the Guadalupe County Sheriff's Department must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

Respectfully Submitted,

/s/ J. Eric Magee_____
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com

Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 23rd day of April 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have served a copy on Plaintiff via certified mail, return receipt requested.

Olivia Bays
6161 El Cajon Blvd., #805
San Diego, CA 92115
619-886-7315
PRO SE

/s/ J. Eric Magee_____
J. Eric Magee

---