**DISTRICT COURT OF THE UNITED STATES OF AMERICA**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **Olivia L. Bays** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **5:23-cv-01519-FB-RBF** |
| | § | |
| **Sheriff Arnold Zwicke** | § | |
| **Guadalupe County Sheriff, Texas** | § | |
| *Defendants* | § | |

## DEFENDANT'S FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Guadalupe County Sheriff Arnold Zwicke files this Federal Rule of Civil Procedure 26 Report pursuant to the Court Order regarding certain Pretrial Matter (Dkt. No. 19). Defendant would show the Court the following**:**

1. **What are the causes of actions, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff makes claims for violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, as well as claims for violations of the Fourteenth Amendment for failure to train officers.

Defendant Sheriff Zwicke alleges that the statute of limitations has passed because the facts giving rise to Plaintiff's cause of action occurred on November 10, 2021 and December 5, 2021, and Plaintiff did not file her lawsuit on December 11, 2023. Defendant Sheriff Zwicke further alleges that Plaintiff has failed to state a claim for her Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and her 42 U.S.C. § 1983. Defendant Sheriff Zwicke also alleges that if Plaintiff is attempting to invoke liability upon the Guadalupe County Sheriff's Department,

but has failed to state a claim upon which relief may be granted, and the Court lacks jurisdiction over the Sheriff's Department as a "person" under Federal Rule of Civil Procedure 12(b)(2), and Plaintiff has not shown any facts indicating that the Guadalupe County Sheriff's Department is a legal entity capable of being sued. It is well settled that a Plaintiff may not bring a claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2nd 311, 313 (5th Cir. 1991).

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**
   a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**
   b. **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

There are no outstanding jurisdictional issues, and this case was not removed or based on diversity jurisdiction.

3. **Are there unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

None at this time.

5. **Are there any legal issues in this case that can be narrowed by agreement or motion?**

None at this time. Defendant Sheriff Zwicke has an outstanding Motion to Dismiss before this Court.

6. **Are there any issues about preservation of discoverable information?**

None at this time.

7. **Are there any issues about disclosures or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

None at this time. Electronically-stored information will be produced by CD-ROM or USB, depending on the amount of information. Metadata will be produced as appropriate.

8. **What are the subjects on which discovery may be needed?**

Defendant Sheriff Zwicke will need discovery on Plaintiff's allegations.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

No discovery has been conducted at this time while the Motion to Dismiss remains pending before this Court.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been conducted at this time while the Motion to Dismiss remains pending before this Court.

11. **What, if any, discovery disputes exist?**

No discovery disputes exist at this time.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have not yet discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502.

13. **Have the parties discussed early mediation?**

Not at this time.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties have not have not yet discussed considering seeking entry of a confidentiality and protective order.

Undersigned counsel is submitting proposed scheduling recommendations to govern this case pursuant to the court's order (Dkt. 19).

Respectfully submitted,

/s/ J. Eric Magee_____
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## CERTIFICATE OF CONFERENCE

On October 8, 2024, undersigned counsel contacted Plaintiff by email concerning the Court's Order Regarding Certain Pretrial Matters. Plaintiff advised she filed for a continuance and is "medically ineligible to conduct legal matters."

/s/ J. Eric Magee_____
J. Eric Magee

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have served a copy on Plaintiff via certified mail, return receipt requested.

Olivia Bays
6161 El Cajon Blvd., #805
San Diego, CA 92115

/s/ J. Eric Magee_____
J. Eric Magee