IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OLIVIA BAYS, | § § | |
| *Plaintiff,* | § § § | 5:23-CV-01519-FB-RBF |
| vs. | § § § | |
| GUADALUPE COUNTY SHERIFF'S DEPARTMENT, ARNOLD ZWICKE, GUADALUPE COUNTY SHERIFF; | § § § § § | |
| *Defendants.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-referenced case and Defendants' Motion to Dismiss, Dkt. No. 32. This case was referred by the District Judge for disposition of all pretrial matters, pursuant to Western District of Texas Local Rule CV-72 and Appendix C. *See* Dkt. No. 13. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, this case should be **DISMISSED** based on the issues addressed below and raised by the Court. Defendants' Motion to Dismiss, Dkt. No. 32, should be **MOOT**.

**Factual and Procedural Background**

On December 11, 2023, pro se Plaintiff Olivia Bays commenced this action. *See* Dkt. No. 1 (Original Complaint). Bays alleges that the events giving rise to her claims began with her unlawful arrest and subsequent detention at Guadalupe County Adult Detention Center on November 11, 2021. Dkt. No. 31 (Amend. Compl.) at 1. Bays pleads claims against Guadalupe

County Sherriff's Department and Guadalupe County Sheriff, Arnold Zwicke[1] for violations of federal law in connection with two periods of detention at Guadalupe County Detention Center—first, from November 11, 2021, to December 4, 2021, and, second, from December 23, 2021, to December 24, 2021.[2]

On September 6, 2024, the Court ordered all parties to appear for an Initial Pretrial Conference scheduled for October 15, 2024. *See* Dkt. No. 19. At Bays' request, the Court continued the scheduled Initial Pretrial Conference, *see* Dkt. No. 20; *see also* Text Order, October 11, 2024, and ordered all parties to appear for a Status Conference on December 16, 2024. *See* Dkt. No. 23. Bays failed to appear at the December 16, 2024, Status Conference. *See* Dkt. No. 24. The Court again ordered the parties to appear for a Status Conference scheduled for January 22, 2025, *see* Dkt. No. 25, where all parties appeared, *see* Dkt. No. 26. At the conference, the Court granted Bays' Oral Motion to Amend, *see* Text Order, January 22, 2025, and shortly after granted Bays' request for leave to file electronically, *see* Dkt. No. 27. Bays filed her Amended Complaint, *see* Dkt. No. 31, which is the live pleading in this case.

On March 17, 2025, Defendant Zwicke filed a Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim. *See* Dkt. No. 32. Bays failed to respond to Defendant Zwicke's Motion. On June 16, 2025, the Court ordered Bays to respond to Defendants' Motion to Dismiss within 21 days, on or before July 7, 2025. *See* Dkt. No. 33. The Court advised Bays that

---

[1] As noted by Defendants, Arnold Zwicke no longer serves as Sheriff for Guadalupe County, Texas. Following the November 2024 General Election and subsequent administration of the official oath of office in January 2025, Guadalupe County is served by a newly elected sheriff. Dkt. No. 32 (Motion to Dismiss) at 1, n.1.

[2] There are multiple inconsistencies in the Amended Complaint's description of Plaintiff's dates of incarceration. The Court takes judicial notice of Plaintiff's dates of incarceration as they are listed in Plaintiff's Guadalupe County criminal records that are a matter of public record. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

if she failed to respond, "the Court will consider the motion without the benefit of her response and [might] recommend dismissal of the case if it is warranted." *See id*. at 2 (citing Local Rule CV-7(e)). Bays again did not file a response to Defendant Zwicke's Motion in violation of the Court's Order. Upon taking up the Motion to Dismiss without the benefit of Bays' response, the Court determined that a response from Bays, further repleading, or a more definite statement was necessary. Thus, on November 12, 2025, the Court gave Bays a final opportunity to respond and "file an advisory with the Court indicating whether she wishes to continue this litigation." *See* Dkt. No. 34 at 2. The Court warned Bays that if she "fails to file an advisory within [twenty-one (21) days of the date of the Order], the Court will construe that failure as an affirmative indication that she no longer wishes to pursue the litigation, and the Court will then recommend that Bays' case be dismissed for want of prosecution and failure to comply with a court order." *Id.* (citing Fed. R. Civ. P. 41(a)(2)). To date, Bays has not responded and the docket reflects no activity in the case since the filing of Bays' Amended Complaint on March 3, 2025. *See* Dkt. No. 31.

### Analysis

Defendants' Motion to Dismiss, Dkt. No. 32, presents compelling reasons to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated in Defendants' Motion to Dismiss, many of Bays' claims for relief appear to be barred by the applicable two-year limitations period and otherwise fail to state a plausible claim for relief. *See* Dkt. No. 32. But the Court need not dwell on Defendants' arguments because Plaintiff Bays has failed to prosecute her case and repeatedly violated court orders, which at this juncture independently justifies dismissal.

3

A.     **The Court Applies the Heightened Standard for Dismissal with Prejudice Under FRCP 41(b).**

Rule 41(b) permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. Fed. R. Civ. P. 41(b). The Court's authority in this regard stems from its "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash RR. Co.*, 370 U.S. 626 (1962)).

Where a dismissal would preclude further litigation of the case due to the expiration of the statute of limitations, the dismissal operates as a dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981) (citations omitted). A dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (quoting *McGowan*, 659 F.2d at 556). Consequently, where the statute of limitations prevents or may prevent further litigation, the same standard of review is applied as is used for reviewing a dismissal with prejudice. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976); *McGowan*, 659 F.2d at 556.

Bays' causes of action are subject to a two-year limitations period. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.") (citation omitted); *see also Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (ADA and Rehabilitation Act claims use the forum state's personal injury statute of limitations.); *see also* Tex. Civ. Prac. & Rem. Code § 16.003(b) (Texas personal injury statute of limitations is "two years after the day the cause of action accrues"). Thus, dismissal of Bays' case is akin to dismissal with prejudice, and it is therefore subject to the more stringent standard.

Such dismissals are only warranted where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Callip*, 757 F.2d at 1519-21; *see also Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir. 1982) ("A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal with prejudice."). "The presence of one aggravating factor, along with the record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice." *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1985) (citation *Callip*, 757 F.2d at 1519).

**B.    Bays' Inactivity and Repeated Violations of Court Orders Justifies Dismissal Under the Heightened Dismissal Standard.**

**1.**    *There is a record of clear delay and contumacious conduct by Plaintiff Bays.* A clear record of delay is found when there have been "significant periods of total inactivity." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992) (quoting *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 F. App'x 574, at *7 (5th Cir. 2010) ("We have recognized that delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.") (citations and internal quotations omitted). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (citation omitted). Such resistance cannot be a result of negligence, "regardless of how careless, inconsiderate, or understandably exasperating" that conduct may be. *Morris v. USAA General Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (citation omitted).

There is evidence that both elements are met here, although either one alone would suffice to meet the first requirement for dismissal. This case was initially filed on December 11, 2023,

over two years ago. *See* Dkt. No. 1. After the Court ruled on several preliminary motions filed by the parties, the Court set the case for an initial case-management conference. *See* Dkt. No. 19. Bays moved to continue the first Initial Pretrial Conference, *see* Dkt. No. 19, and then failed to appear at the rescheduled conference, *see* Dkt. No. 24. While Bays indeed actively litigated her case in the interim, she has been entirely inactive over the last 9 months. Her last filing was the Amended Complaint, filed on March 3, 2025. *See* Dkt. No. 31. Such inactivity sufficiently demonstrates clear delay by Plaintiff Bays.

Bays has also engaged in contumacious conduct. After Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint, *see* Dkt. No. 32, Bays failed to respond. Given that Bays is pro se, the Court provided a further opportunity for her to respond. At this point, a response was optional. But the Court warned that a failure to respond would result in the Court taking up the Motion to Dismiss without the benefit of a response. *See* Dkt. No. 33. Bays failed to respond.

Next, on November 12, 2025, the Court ordered Bays to show cause and file an advisory indicating whether she intends to move forward with the litigation. *See* Dkt. No. 34. At this point, the Court had reviewed the Motion to Dismiss and determined that it presented strong arguments for dismissal even as a significant amount of time had lapsed in the case without Bays having taken any active part in the litigation. The Court therefore directed Bays to file an advisory "indicating whether she wishes to continue this litigation." *Id*. Moreover, the Court explicitly warned Bays that a failure to comply by filing an advisory would be construed as an "affirmative indication that [Bays] no longer wishes to pursue the litigation." *Id.* at 2. Again, Bays failed to respond and filed no advisory and provided no indication that she still desires to pursue the litigation. Her failure to respond is either evidence of a "stubborn resistance to authority," *McNeal*, 842 F.2d at 792, or an affirmative indication that she no longer wishes to pursue the litigation.

**2.** *Lesser sanctions have failed, and continued efforts would be futile.*

Because a dismissal with prejudice is an extreme remedy, the Court must consider whether lesser sanctions would be "futile or contrary to the interests of justice." *Rogers*, 669 F.2d at 321. Such lesser sanctions may "include assessments of fines, costs, or damages against the plaintiff . . . , conditional dismissal, dismissal without prejudice, and explicit warnings." *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (citation and internal quotations omitted). A conditional dismissal or dismissal without prejudice would be futile, given that the statute of limitations has expired on Bays claims. Indeed, many if not all of Bays' claims likely expired before she commenced this action. *See* Dkt. No. 32. The Court has given Bays numerous explicit warnings over a period of months advising her on her obligations to prosecute her case. *See* Dkt. Nos. 33, 34. Bays has failed to heed the Court's repeated warnings. The Court has been patient with Bays, given that she is appearing pro se. But the Court is under no obligation to allow this case to sit on the trial court's docket while Bays is entirely inactive. Moreover, by failing to take even the minimal step of filing an advisory indicating a desire to pursue the litigation, Bays has effectively indicated that she no longer wishes to pursue the case. On this record, any sanction less than dismissal would be entirely futile. Dismissal is justified.

**3.** *One of the required aggravating factors is present.* In most cases, at least one of three aggravating factors must be present. *Callip*, 757 F.2d at 1519. Those factors are: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474 (citation omitted). Because Bays appears pro se in this case, any delay is indeed attributable to her and not that of counsel. There has been considerable delay by Bays in this case.

Because Bays' conduct involves at least "one aggravating factor, along with the record of delay or contumacious conduct," and because the Court has unsuccessfully considered lesser sanctions, dismissal under Rule 41(b) is warranted. *See id*. at 475.

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be **DISMISSED** and Defendants' Motion to Dismiss, Dkt. No. 32, be **MOOTED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de*

*novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 5th day of January, 2026.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

9